**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| STANLEY ZELINSKY, | : | |
| Petitioner | : | CIVIL ACTION NO. 3:16-0567 |
| v. | : | (JUDGE MANNION) |
| THERESA DELBALSO, *et al*., | : | |
| Respondents | : | |

## MEMORANDUM

Petitioner, Stanley Zelinsky, an inmate confined in the Mahanoy State Correctional Institution, Frackville, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. He attacks a conviction imposed by the Court of Common Pleas for Schuylkill County, Pennsylvania. (Doc. 1). Following careful consideration of the parties' submissions, and for the reasons discussed below, the Court will dismiss the petition as a second or successive petition pursuant to 28 U.S.C. §2244(b)(3)(A), as untimely under the statute of limitations, see 28 U.S.C. §2244(d), and for failure to raise a cognizable federal claim.

## I.   Background

The following background has been extracted from the Pennsylvania Superior Court's September 29, 2015 Opinion, affirming the state court's

denial of Zelinsky's fifth petition under Pennsylvania's Post Conviction Relief

Act, 42 Pa.C.S.A. §§9541, et seq. ("PCRA"). (Doc. 1 at 7, Memorandum

Opinion dated Sept. 29, 2015).

> In its Opinion, the PCRA court briefly summarized the facts and procedural history relevant to the instant appeal as follows:
>
>> On March 26, 1982, a jury found [Zelinsky] guilty of murder in the first degree, and [the trial court] ... sentenced [Zelinsky] to life imprisonment. On August 24, 1984, the Superior Court affirmed the judgment of sentence in Commonwealth v. Zelinsky, 481 A.2d 1377 (Pa. Super. 1984). The Supreme Court denied leave to appeal on May 22, 1985. [Zelinsky] has filed four prior PC[RA] petitions, namely, on October 24, 1984, December 7, 1993, later amended under the date of August 8, 1994, May 30, 1997 and March 9, 2013, all of which have been [previously] dismissed by the Superior Court. Now, under [the] date of August 19, 2014, [Zelinsky] again files a PC[RA] petition seeking DNA testing and analysis, among other [claims] that have already been litigated and dismissed in several other proceedings.
>
> PCRA Court Opinion, 10/24/14, at 1. On October 24, 2014, the PCRA Court dismissed Zelinsky's fifth PCRA Petition, after which he filed the instant timely appeal.
>
> Zelinsky presents the following claims for our review:
>
>> 1) Where challenges to jurisdiction arise[,] is the burden of proof upon the Commonwealth?
>>
>> 2) Can the regularity of the proceedings be called into question where the Commonwealth exceeded jurisdiction through the use of misrepresented

criminal informations?

3) Can the regularity of the proceeding[s] be called into question where the Commonwealth and [trial] court eluded [*sic*], to the jury, evidence of an underlying felony requirement for alleged criminal conduct not charged or proven?

4) Can the regularity of the proceeding[s] be called into question where [Zelinsky] was sentenced under mandatory minimum guidelines without proof of a prior conviction?

5) [Are Zelinsky's] criminal informations and sentence imposed subject [*sic*] statutory definition, statutory language and the legislative intent of [the] statute as provided for by [the] Pennsylvania Statutory Construction Act?

6) Did the PCRA court commit an error of law or violate the due process rights of [Zelinsky] upon denying and dismissing his legality of sentence claims?

Brief for Appellant at 3.

Id. By Memorandum Opinion dated September 29, 2015, the Superior Court affirmed the PCRA Court's dismissal of Zelinsky's fifth PCRA petition, finding that "[b]ecause Zelinsky's Petition was untimely filed, and he asserts no exception to the PCRA's timeliness requirement, we cannot consider or grant him relief on his claims." Id.

Petitioner then filed for allowance of appeal to the Pennsylvania

Supreme Court, which was denied on February 24, 2016. (Doc. 1 at 11, Order). No further appeal or collateral challenges to his conviction or sentence were filed.

On April 4, 2016, Zelinsky filed the instant petition for writ of habeas corpus. (Doc.1). Petitioner "challenges the determination of the Superior Court of Pennsylvania, filed September 29, 2015", in which he claims that the "State Superior Court Determination is based upon solely procedural grounds under the P.C.R.A. time constraints and the Supreme Court's Order of denial is completely without factual basis in law." Id.

Specifically, Zelinsky raises the following grounds for relief:

1) Is Petitioner eligible for relief where the state-appellate court system failed to conduct de novo review, apply it's scope of review and/or exercise it's jurisdiction in plenary manner to sua sponte address questions of federal law?

2) Is Petitioner eligible for relief where the state-appellate court system failed to recognize that Petitioner's sentence is to be held subject to the Pennsylvania statutory construction act?

3) Is Petitioner eligible for relief where the commonwealth (Respondents) are estopped from asserting or utilizing the procedural bar as a defense against questions of federal law?

Id.

## II.     Discussion

The Court takes judicial notice of Zelinsky v. Dragovich, Civil No. 3:99-cv-1573 (Nealon, J.), a petition for writ of habeas corpus, filed by Petitioner, pursuant to 28 U.S.C. §2254, alleging ineffective assistance of trial counsel for failure to investigate the defense of voluntary intoxication. Id. By Memorandum and Order, the late Honorable William J. Nealon denied habeas corpus relief on the merits and denied a certificate of appealability. Id. By Order dated June 26, 2001, the United States Court of Appeal for the Third Circuit denied Zelinsky's request for a certificate of appealability, finding that Petitioner failed to make a substantial showing of the denial of a constitutional right, and that his petition lacked merit for the reasons given by the District Court. (Doc. 15-1 at 252, Order).

Although entitled a Motion for Relief from Judgment under F.R.C.P. 60(b), Petitioner's most recent filing attempts to raise challenges to his state court judgment and sentence, and the state courts' handling of such issues; specifically, with respect to his sentence and the state court's denial of his petitions as untimely. As such, the Court views the above captioned petition as a second or successive petition.

Pursuant to 28 U.S.C. §2244(b)(3)(A), a petitioner must obtain

permission from the appropriate court of appeals before filing a second or successive habeas corpus petition in federal district court. If a petitioner erroneously filed a second or successive habeas petition in a district court without first obtaining permission from the court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. §631. Burton v. Stewart, 549 U.S. 147, 152 (2007); Blystone v. Horn, 64 F.3d 397, 411-12 (3d Cir. 2011).

The AEDPA does not define the phrase "second or successive." Christy v. Horn, 115 F.3d 201, 208 (3d Cir.1997) ("While the AEDPA requires this procedure for a second or successive application, it does not define what is meant by 'second' or 'successive.' "). A numerically second petition is not necessarily "second or successive" within the contemplation of the AEDPA if it attacks a different criminal judgment or if the earlier petition terminated without a judgment, as for example, where the earlier petition was dismissed without prejudice for failure to exhaust state court remedies. Id. at 208. The "second or successive" rule generally prohibits a district court from entertaining a successive petition that attempts to relitigate claims presented in a prior petition that was dismissed with prejudice, i.e. adjudicated on the merits.

Petitions dismissed as premature or for some other procedural defect, and petitions raising claims not available at the time of filing of the previous petition are not second or successive petitions. See Panetti v. Quarterman, 551 U.S. 930, 945 (2007); Slack v. McDaniels, 529 U.S. 473, 485–86 (2000) (petition dismissed for failure to exhaust state court remedies is not second or successive);  Steward v. Martinez-Villareal, 523 U.S. 637, 644-45 (1998). A dismissal of a 28 U.S.C. §2254 habeas petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders subsequent petitions under §2254, challenging the same conviction, second or successive petitions under §2244(b). See Stokes v. Gehr, 399 F. App'x 697, 700 n. 2 (3d Cir. 2010) (non-precedential) (a motion under § 2254 would be "second or successive" when the first petition is dismissed as untimely).

If in a second or successive petition a prisoner attempts to raise new claims not presented in the first petition, section 2244(b)(3) requires the prisoner to first seek an order from the court of appeals authorizing the filing of such claims. A district court may not consider a successive petition in the absence of such authorization.

Since Zelinsky's petition is a "second or successive" petition under

§2244(b), he is required to request, and successfully obtain, an order authorizing such a filing by the United States Third Circuit Court of Appeals prior to filing another §2254 petition. See 28 U.S.C. §2244(b)(3)(A). Because Petitioner fails to present such authorization from the Third Circuit Court of Appeals, his petition is subject to dismissal for lack of jurisdiction.

Alternatively, considering Zelinsky's petition as one of first impression before the Court, the Court finds it to be wholly untimely.

A state prisoner requesting habeas corpus relief pursuant to 28 U.S.C. §2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (d)(1) A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of - (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review . . .

> (d)(2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2)(emphasis added); see generally, Jones v. Morton, 195 F.3d. 153, 157 (3d Cir. 1999). Thus, under the plain terms of

§2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run when direct review processes are concluded. See Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000)("[T]he AEDPA provides that upon conclusion of direct review of a judgment of conviction, the one year period within which to file a federal habeas corpus petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are pending in any state court.")(emphasis in original); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998)(*per curiam*); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). It is not the conclusion of state post-conviction collateral review processes that starts the running of the limitations period. See  Bunnell v. Yukins, No. 00-CV-73313, 2001 WL 278259, *2 (E.D. Mich. Feb 14, 2001)("Contrary to Petitioner's assertion, the limitations period did not begin to run anew after the completion of his post-conviction proceedings.").

As indicated above, section 2244(d)(2) operates to exclude only the time within which a "properly filed application" for post conviction relief is pending in state court. Thus, when a petition or appeal has concluded and is no longer pending, the one (1) year statute of limitations starts to run and the time is counted. A "properly filed application" for post conviction relief under

§2244(d)(2) is one submitted according to the state's procedural requirements, such as rules governing time and place of filing. Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought. Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000). "Pending," however, does not include the period during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition. Stokes v. District Attorney of the County of Philadelphia, No. 99-1493, 2001 WL 387516, at *2 (3d Cir., April 17, 2001). Likewise, the statute of limitations is not tolled under §2244(d)(2) for the time during which a habeas petition is pending in federal court. Jones, 195 F.3d at 158.

The AEDPA statute of limitations also may be subject to equitable tolling. The Third Circuit has held that the federal habeas statute of limitations is subject to equitable tolling only in extraordinary circumstances. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003). In Merritt, the Court of Appeals set forth two general requirements for equitable tolling: "(1) that the petitioner has in some extraordinary way been prevented from asserting his or her rights; and (2) that the petitioner has shown that he or she exercised

reasonable diligence in investigating and bringing the claim." Id. (internal citations and quotations omitted).

In this case, Petitioner was sentenced on April 18, 1983 in the Schuylkill County Court of Common Pleas. The Pennsylvania Superior Court affirmed judgment of sentence, on August 24, 1984, and the Pennsylvania Supreme Court denied Petitioner's Petition for Allowance of Appeal on May 22, 1985. Petitioner did not seek a writ of certiorari from the United States Supreme Court. Thus, his judgment of sentence became final on August 20, 1985. However, where, as here, a prisoner's conviction became final on direct review prior to the effective date of the AEDPA (April 24, 1996), the limitations period began running on April 24, 1996. Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998); see also Harris, 209 F.3d at 328. Thus, the clock for filing a §2254 petition began on April 24, 1996, and Zelinsky had until April 23, 1997, to file a timely habeas corpus petition. Burns, 134 F.3d at 111. The instant petition was not filed until April 4, 2016, almost nineteen years after the limitations period expired. As such, the petition for habeas corpus relief under §2254 appears to be barred by the statute of limitations, and should be dismissed as untimely, unless the statute of limitations is subject to statutory or equitable tolling.

As noted above, the one-year statute of limitations is tolled during the time petitioner had pending in state courts a properly filed PCRA petition. Petitioner's second PCRA petition,[1] filed on December 7, 1993, was denied on April 21, 1995, and his third petition was not filed until May 30, 1997, after the AEDPA statute of limitations expired. Petitioner's PCRA petition does not toll an already expired statute of limitations. See Long v. Wilson, 393 F.3d 390, 395 (3d Cir.2004) (petitioner's untimely PCRA petition did not statutorily toll the statute of limitations because, inter alia, "the limitations period had already run when it was filed").

Petitioner's fourth PCRA petition, filed on March 13, 2013 and his fifth PCRA petition, filed on August 19, 2014, both filed after the expiration of the AEDPA statute of limitations, do not toll the statute of limitations. Additionally, Petitioner's fourth and fifth PCRA petitions were dismissed by the PCRA Court, and affirmed on appeal, as untimely. Case law is clear that an untimely PCRA petition is not "properly filed" and, therefore, does not toll the statute of limitations. See Pace v. Diguglielmo, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under §2254(d)(2).").

---

[1] Petitioner filed an initial PCRa petition on October 24, 1984, which was dismissed because his petition for allowance of appeal was pending before the Supreme Court.

See also Merritt v. Blaine, 326 F.3d at 167-68. Consequently, the AEDPA statute of limitations is not subject to statutory tolling.

Moreover, although the AEDPA's one-year filing requirement is a statute of limitations, not a jurisdictional rule, and thus a habeas petition should not be dismissed as untimely filed if there exists an equitable basis for tolling the limitations period, Petitioner presents absolutely no evidence to account for the delay in filing the instant petition for writ of habeas corpus. Consequently, equitable tolling is inapplicable in this matter and the petition will be dismissed.

Finally, to the extent that Petitioner raises claims concerning the standard of review the state appellate court applied, the state appellate court's application of Pennsylvania's Statutory Construction Act or the state court's discretion at sentencing, such claims are not reviewable in a federal habeas proceeding. Wilson v. Corcoran, 562 U.S. 1, 5 (2010) (per curiam) (stating that federal law "unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States'") (quoting to 28 U.S.C. §2254(a)). "Federal habeas corpus relief does not lie for errors of state law." Swarthout v. Cooke, 562 U.S. 216, 219 (2011)(quotations omitted); Pringle v. Court of Common Pleas, 744 F.2d 297,

300 (3d Cir. 1984). Unless the state sentencing court committed a constitutional violation, a federal court has no basis to grant habeas relief. United States v. Addonizio, 442 U.S. 178, 186 (1979). As such, without a federal question, the Court is without jurisdiction to address Petitioner's issues.

## III.   **Certificate of Appealability**.

When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability should issue only if (1) the petition states a valid claim for the denial of a constitutional right, and (2) reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). In this case, reasonable jurists could not disagree that the instant petition is a second or successive petition, is time-barred and fails to raise a cognizable federal claim. It is statutorily barred, and neither statutory nor equitable tolling apply to the petition. Additionally, this Court is without jurisdiction because the petition is a second or successive petition and fails to raise a federal constitutional claim.

**IV.** <u>**Conclusion**</u>

In light of the foregoing, the petition for writ of habeas corpus will be

**DISMISSED**, and the case will be **CLOSED**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: February 4, 2019**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-0567-01.wpd